# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 24-1054**  September Term, 2024

EPA-89FR16820

Filed On: September 4, 2024

State of Texas, et al.,

      Petitioners

    v.

Environmental Protection Agency and
Michael S. Regan, Administrator, United
States Environmental Protection Agency,

      Respondents

------------------------------

Continental Resources Inc., et al.,
      Intervenors

------------------------------

Consolidated with 24-1059, 24-1101,
24-1103, 24-1111, 24-1114, 24-1115,
24-1116, 24-1117, 24-1118

      **BEFORE:**    Wilkins, Rao, and Walker, Circuit Judges

## O R D E R

Upon consideration of the proposed briefing formats and schedules, it is

**ORDERED** that No. 24-1118 be severed from No. 24-1054, et al., and held in abeyance pending further order of the court. Any intervenor in No. 24-1054, et al., who wishes to participate in No. 24-1118 is directed to notify the court in writing within 30 days of the date of this order, and to indicate which party it supports. The parties in No. 24-1118 are directed to file motions to govern further proceedings by September 15, 2025, or 30 days after publication in the Federal Register of an Environmental Protection Agency ("EPA") action resolving Environmental Petitioners' request for administrative reconsideration, whichever is earlier. It is

**FURTHER ORDERED** that challenges to the following aspects of the Rule as to which administrative reconsideration was sought by the Industry Petitioners in No. 24-1116 and No. 24-1117 be severed, assigned a separate docket number, No. 24-1289, captioned American Petroleum Institute v. EPA, and held in abeyance pending further order of the court:

> (1) Vent gas net heating value (NHV) monitoring and alternate sampling demonstration requirements for flares and enclosed combustion devices; and
>
> (2) temporary flaring provisions for associated gas in certain situations.

Any petitioner or intervenor in No. 24-1054, et al., who wishes to participate in No. 24-1289 is directed to notify the court in writing within 30 days of the date of this order, and, if seeking to participate as an intervenor, should indicate which party it supports. EPA is directed to file status reports in No. 24-1289 at 90-day intervals beginning 90 days from the date of this order. The parties in No. 24-1289 are directed to file motions to govern further proceedings within 30 days of EPA's resolution of the American Petroleum Institute and American Exploration & Production Council's petition for administrative reconsideration of the Rule. It is

**FURTHER ORDERED** that the following briefing format and schedule will apply in the remaining consolidated cases:

| | |
|---|---|
| Industry Petitioners' Brief<br>(not to exceed 13,000 words) | November 25, 2024 |
| State Petitioners' Brief<br>(not to exceed 13,000 words) | November 25, 2024 |
| Brief of Petitioner-Intervenor<br>(not to exceed 6,825 words) | December 16, 2024 |
| Respondents' Brief<br>(not to exceed 26,000 words) | February 14, 2025 |
| Briefs of Respondent-Intervenors<br>(up to two briefs, not to exceed<br>18,200 words in the aggregate) | February 28, 2025 |

| | |
|---|---|
| Industry Petitioners' Reply Brief (not to exceed 6,500 words) | March 24, 2025 |
| State Petitioners' Reply Brief (not to exceed 6,500 words) | March 24, 2025 |
| Reply Brief of Petitioner-Intervenor (not to exceed 3,415 words) | April 3, 2025 |
| Deferred Joint Appendix | April 10, 2025 |
| Final Briefs | April 17, 2025 |

The parties will be informed later of the date of oral argument and the composition of the merits panel.

The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

Petitioners should raise all issues and arguments in the opening brief.  The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43 (2021); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail

that is at least as expeditious as first-class mail. See Fed. R. App. P. 25(a). All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover. See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                      **FOR THE COURT:**
                                      Mark J. Langer, Clerk

                BY:    /s/
                                      Scott H. Atchue
                                      Deputy Clerk